WILLIAM BOYCE, PETITIONER, v. HUDSON COUNTY MOS-
QUITO COMMISSION, PROSECUTOR.

Submitted January 31, 1936—Decided March 17, 1936.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Mark Townsend, Jr.*

For the petitioner, *Joseph M. Alsofrom.*

PER CURIAM.

This is a workmen's compensation case. There is little doubt that at some time before midnight on August 10th, 1934, the petitioner sustained a fracture, apparently complete, of both tibia and fibula of the right leg. He was in the employ of the prosecutor commission at the time, and had been working during the day at various places in the county as helper on a truck from which oil was distributed and spread in cellars and other places likely to breed mosquitoes. Working hours ended at about five o'clock. His claim was that while coming up from a cellar with a can of oil and a "gun" (sprayer) he slipped and sustained the injury above described. The defense was that he had sustained no such injury while at work or at any time or place connected with his work. The deputy commissioner made an award in his favor, which the Pleas affirmed in a short memorandum containing no discussion of the evidence. This we have examined with care, and though not unmindful of the principle that the concurring view of the two lower

courts on the facts should not be lightly disturbed, we feel that the testimony cannot reasonably support the conclusion that this double fracture, for which an award of forty per cent. loss of the right foot was made, occurred in the course of the petitioner's employment, but it must have occurred after he stopped work for the day. He testified that while "coming up out of the cellar he slipped and whacked his shin, then went to the bottom of the cellar and turned over on his ankle;" that he thought it was a minor injury. That he walked across the street to the truck and told the driver he had "whacked his leg." He got into the truck; and testified that he did nothing more that day. The truck driver, however, testified that Boyce made no complaint; that after that particular cellar Boyce oiled about fourteen others, carrying a five-gallon can of oil and a pump both ways, the can not being always full; that they returned to the garage shortly after five, and loaded up the cans, &c., for the next day, and Boyce lifted them into the truck; all without any complaint. Boyce on cross admitted that he was able to walk to the truck and get into it; that after reaching the garage and before arriving at home he was on his feet perhaps one and one-half or two hours, having pain "off and on" but he could stay on his feet. He testified that after arriving at the garage he went upstairs and saw Mr. McCarter, the chief inspector, and told him he whacked his leg in a cellar. That later he walked downstairs, got into McCarter's car unaided, went to Mr. McCarter's house and had some drinks over there, "sort of limbered the thing up a bit" and stayed till about nine-forty-five P. M., then went to a "place" (saloon apparently), drank there, and about eleven-fifteen took a cab home. No physician was called until about noon the next day, when Dr. Russell discovered the fracture and ordered Boyce to the hospital. X-rays were taken, and they clearly disclose the fractures.

Mack, a witness for Boyce, said that while waiting outside McCarter's office Boyce told him of a pain in the leg; that he was with Boyce the rest of the evening and nothing unusual occurred; that he noticed nothing unnatural in his

walk, but paid no particular attention; and left him between ten-thirty and eleven P. M.

Boyce's wife testified that he came home about eleven-ten and complained of his leg, but went to bed and Dr. Russell was called the next day.

Dr. Russell, sworn, said Boyce had a "terrific deformity of the right leg;" that he asked him how it happened, and was told that he "was wrestling with a fellow down town last night, and fell off a stoop and hurt his leg." (This is denied by Boyce and his wife.) That both fractures were complete. The medical evidence was substantially uniform that they were disabling and would prevent walking.

McCarter testified that Boyce did not report any accident to him at the garage; that he was at McCarter's house till about nine P. M., when they went to Tomlinson's place, where Boyce was on his feet all the time; that he was "dancing and jigging" with two others, and without any indication of pain.

We have no difficulty in concluding, on the uncontradicted testimony about the severity of the fracture, and as to what Boyce admittedly did thereafter by way of walking and climbing stairs, that he could not have sustained such a fracture while at work. That with it a man could walk across the street, board a truck, climb fourteen steps to McCarter's office and down again, and sit in with a drinking party, all without any indication of severe pain, seems against all reason. We are clear that the evidence was far from sustaining the award, and therefore it must be set aside, and judgment entered for the prosecutor, with costs.